## Johnson *v.* Johnson and Others.

ATTACHMENT.—JURISDICTION.—In proceedings in attachment the transcript did not show that the attachment defendant was personally served with process, nor that his property had been attached in the county where the action was brought, nor that the garnishee had been summoned in that county.

*Held,* that no jurisdiction of the attachment defendant had been obtained by the court, and that the judgment against the garnishee was void.

STATUTE.—APPLICATION OF.—The act entitled "an act for the relief of persons who have paid certain claims to the State, or to the proper officer, under color of judicial proceedings, and to subrogate such persons to the rights of the State," approved *March* 6, 1865, (Acts 1865, p. 76,) does not apply where the State was fully paid, and the claim assigned before the passage of the act.

APPEAL from the *Vanderburgh* Common Pleas.

RAY, J.—Action by the appellant, as assignee of one of the appellees of a claim due to him from his co-appellee.

An answer was filed by the defendant charged with the debt, alleging that as to a certain part of the sum named the same had been paid by him as garnishee, under certain proceedings in attachment against his co-defendant, before the date of the alleged assignment to the appellant. A transcript of the attachment suit was filed with the answer. A demurrer filed to this answer was overruled by the court, and this is assigned as error.

The transcript of the proceedings in attachment filed with the answer does not show that process had been personally served upon the defendant in that action, nor that his property had been attached in the county where the action was brought, nor that the garnishee had been summoned in that county; and in deference to the opinion of one of the members of this court, we will also state that the record does not show that the defendant was a resident of the State, and had departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or kept himself concealed therein with a like intent. No jurisdiction, therefore, of the person of the defendant in the attachment proceedings was obtained by the court, and the judgment against the garnishee, there being no legal service of process upon him, was void.

The appellee, however, relies upon "an act for the relief of persons who have paid certain claims to the State, or to the proper officer, under color of judicial proceedings, and to subrogate such persons to the rights of the State,"-approved *March* 6, 1865. Acts 1865, p. 76. The appellant argues that by a strict grammatical construction of the act, it cannot, by its terms, have a retroactive effect. Were we to disregard entirely the title of the act, the argument would be, perhaps, conclusive. But conceding the act to be in terms retroactive, still, in the case now in judgment, it cannot avail the appellee. The assignment of the claim, to enforce which this suit was commenced, had been made long before the passage of the act. The claim of the State had been fully paid, and she had no rights as to the appellant or his

assignor at the date of the passage of the act, to which the appellee could be subrogated. The rights of the appellant were fixed before the date of the act, and could not be divested by the legislative will. The demurrer should have been sustained to the third paragraph of the answer of *Alva Johnson.*

The judgment is reversed, with costs, and the cause remanded, with directions that further proceedings be had in accordance with this opinion.

*A. Iglehart,* for appellant.

*J. G. Jones,* for appellee.

