BOWMAR INSTRUMENT CORPORA-
TION, Appellant (Putative
Contemner Below),

v.

Karen D. MAAG, Appellee (Petitioner-
Movant Below),

and

John C. Maag, Appellee (Respondent
Below).

No. 3–1181A305.

Court of Appeals of Indiana,
Third District.

Dec. 7, 1982.

Grant F. Shipley, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for appellant.

Robert Owen Vegeler, Dumas, Burke, Backs, Salin & Vegeler, P.C., Fort Wayne, for appellees.

GARRARD, Judge.

For the purposes of our disposition of this appeal the background of this case may be summarized in the following manner. In June 1977 the marriage of Karen Maag (wife) and John Maag (husband) was dissolved in the Allen Superior Court. The wife was awarded custody of two minor children and the husband was ordered to pay child support of $57.60 per week. The husband was employed by appellant, Bowmar Instrument Corporation (Bowmar). Bowmar is an Indiana corporation. It has a facility in Fort Wayne, Indiana, but its headquarters are located in Newbury Park, California.

Sometime during 1980 husband moved to California where he served as Bowmar's Corporate Controller. In October the wife petitioned to modify the support award and on February 27, 1981 the court adopted its referee's recommendation increasing the husband's support obligation to $110 per week. The husband failed to comply with the new order and on April 8, 1981 the wife filed her application for a contempt citation which included a prayer that the court order a wage assignment pursuant to IC 31–1–11.5–13.[1] On May 18, 1981, again adopting its referee's recommendation, the court determined that the husband was in arrears in support in the amount of $1248 and appointed a commissioner for the purpose of executing a wage assignment on behalf of the husband in the amount of $110 per week. The court then caused to be mailed to Bowmar a copy of its order directed to the husband to execute a wage assignment and a copy of a "wage assignment" executed by "Robert Hackensmith, Commissioner."[2]

On June 15, 1981 Bowmar withheld from the husband's wages and paid to the Allen County Clerk the sum of $220 representing the appropriate assigned sum for the husband's bi-weekly pay period. Apparently unaware of that payment the wife instituted the present proceeding by filing her petition for a contempt citation against Bowmar asserting its failure to comply with the order of May 18th. A hearing was held before the referee and on October 26, 1981 the court adopted the referee's recommendations ordering Bowmar to comply with the wage assignment, finding Bowmar was not in contempt, and denying Bowmar's request for attorney fees. This appeal followed.

We reverse because no personal jurisdiction of Bowmar was acquired in any of the proceedings leading up to the contempt citation.

■ A basic tenet of our judicial system is that a person or legal entity falls within the trial court's jurisdiction for a particular civil action only when he or it has been properly made a party to that action. Ordinarily, this is accomplished through service of process. TR 4(A); *State ex rel. Kolb v. Ennis* (1881), 74 Ind. 17; *Fox v. Galvin* (1978), 177 Ind.App. 654, 381 N.E.2d 103. The principle applies to employers or others who have control over assets subject to execution for proceedings supplemental. *See* TR 69(E); *Johnson v. Johnson* (1866), 26 Ind. 441; *cf. Citizens National Bank v. Harvey* (1976), 167 Ind.App. 582, 339 N.E.2d 604.

Although the parties have not discussed it, we are aware of the provisions of TR 71 which state in part that "[W]hen obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party."

■ We do not believe the provision affects the proceeding before us. While we find no Indiana cases interpreting the rule, the comments of both Professor Harvey and of the Civil Code Study Commission indicate the rule is intended to cover successors in office, privies, agents of a party and in

---

1. The statute provides in pertinent part:

   "(e) Upon application to the court for enforcement of an order for support, the court may:

   . . .

   (2) Order the person obligated to pay support to make an assignment of his or her wages or salary to the person entitled to receive the payments. An employer shall accept such assignment and shall not discharge or otherwise discipline the employee as a result of a wage or salary assignment made under such court order. The employer shall cause the payments made under the wage or salary assignment to be paid with the same frequency as wages or salary is paid to the employee or at any other frequency ordered by the court."

2. IC 31–1–11.5–13 authorizes the court to order a support obligated party to a dissolution proceeding to execute a wage assignment concerning support payments. We do not doubt the authority of the court in a proper instance, where the party so ordered fails to comply with the order within the time specified, to appoint a commissioner to execute such an assignment on his or her behalf. Indiana Rules of Procedure, Trial Rule 70(A). *See TeWalt v. TeWalt* (1981), Ind.App., 421 N.E.2d 415.

general those non-parties who are bound by litigation "on principles of privity, estoppel, representation or the like." *See* 4 Harvey & Townsend, Indiana Practice, pp. 503–505. Here, although IC 31–1–11.5–13 grants the court authority to require an employer to accept a wage assignment, the separate and distinct interests of such an employer require that it be properly subjected to personal jurisdiction before the court may exercise its authority vis-a-vis the employer.

■ Since Bowmar was never served with process and the court had acquired no personal jurisdiction of it at the time of the contempt proceeding, it follows that Bowmar was not in contempt and the trial court lacked jurisdiction for the other orders it entered against Bowmar.

At the hearing upon the contempt proceeding Bowmar sought to recover its costs and attorney fees. In view of our disposition of this appeal, upon remand the court should determine whether Bowmar is entitled to recover attorney's fees and award it proper costs in the action.

Reversed and remanded.

HOFFMAN, P.J., and STATON, J., concur.