**Phillip LEE, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 02S00–9703–CR–228.

Supreme Court of Indiana.

May 6, 1998.

Mark A. Thoma, Deputy Public Defender, Fort Wayne, for Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Defendant Phillip Lee was convicted of Dealing In Cocaine,[1] a class A felony, and of being a habitual offender.[2] He was sentenced to a total executed term of 80 years.

---

1. Ind.Code § 35–48–4–1(b) (Supp.1995).

2. Ind.Code § 35–50–2–8 (Supp.1995).

On appeal, defendant contends that he was denied the effective assistance of counsel to which he is constitutionally entitled. U.S. Const. amend VI; Ind. Const. art. I, § 13.

We have jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind.Appellate Rule 4(A)(7); *Buie v. State,* 633 N.E.2d 250, 252 (Ind.1994).

### Background

On April 30, 1996, after being caught selling cocaine, a confidential informant met with a detective in the Allen County Police Department for the purpose of cooperating with the police. The informant believed he could make a buy of cocaine from defendant and the detective drove him to the location where the controlled buy[3] took place. At trial, the informant testified that he bought cocaine from defendant. The detective testified at trial that he monitored the transaction electronically as it occurred. A jury thereafter found defendant guilty of dealing cocaine and of being a habitual offender.

### Discussion

■■■ Defendant's sole issue on appeal is whether he was provided the effective assistance of trial counsel. We analyze claims of ineffective assistance of counsel according to the two-part test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, e.g., Canaan v. State,* 683 N.E.2d 227, 229 (Ind.1997); *Lowery v. State,* 640 N.E.2d 1031, 1041 (Ind. 1994). First, defendant must show that, in light of all the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Canaan,* 683 N.E.2d at 229 (citing *Lowery,* 640 N.E.2d at 1041). In order to make such a showing, defendant must demonstrate that counsel's performance was unreasonable under prevailing professional norms. *Id.* Second, the defendant must show adverse prejudice as a result of the deficient performance. *Id.*

---

3. "A controlled drug buy is a situation where a narcotics officer or officers, tries to maintain as much control over the situation in which the buy is going to happen as possible." (R. at 80.)

This requires a demonstration that counsel's performance was so prejudicial that it deprived the defendant of a fair trial. *Id.* There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992). An appellant must present strong and convincing evidence to rebut that presumption. *Duncan v. State*, 514 N.E.2d 1252, 1253 (Ind. 1987).

In asserting his claim of ineffective assistance of trial counsel, defendant contends that it was deficient performance for trial counsel not to present witnesses at trial who could have corroborated defendant's alibi defense.[4] Defendant suggests that the jury relied on the confidential informant in convicting defendant and if trial counsel had presented defendant's alibi evidence, the informant's credibility could have been eroded[5] and there would have been a reasonable probability that the outcome would have been different.

Defendant has failed to demonstrate that trial counsel was ineffective.[6] As noted, we presume that counsel rendered adequate assistance and find nothing to rebut the application of that presumption here. The State presented two eyewitnesses to the crime at trial—the confidential informant and an undercover police officer—who identified defendant as the individual dealing cocaine. The defendant's ineffective assistance claim is not supported by any testimony from trial counsel and no alibi witnesses have been identified.[7] When coupled with the presumption of

4. Our review of the record indicates that a motion to present an alibi defense was never filed. Indiana Code § 35-36-4-1 (1993) requires a defendant to inform the trial court in writing of defendant's intention to offer an alibi defense to a felony charge. When a defendant fails to file a notice of alibi in accordance with Indiana Code § 35-36-4-1, the trial court shall exclude any alibi evidence offered by the defendant. *Adkins v. State*, 532 N.E.2d 6, 8 (Ind.1989). In this case, since it appears that no notice of alibi was ever filed, trial counsel would have been prohibited from presenting any alibi testimony which defendant claims to exist, other than defendant's own testimony. *See generally Campbell v. State*, 622 N.E.2d 495, 499 (Ind.1993); *Baxter v. State*, 522 N.E.2d 362, 368 (Ind.1988). While defendant does not assert that trial counsel was ineffective for failing to file a notice of alibi, we will nevertheless proceed to consider his failure to present alibi witnesses claim.

5. Defendant concedes that "[trial] counsel, on cross-examination, successfully attacked [the confidential informant's] credibility," by demonstrating (1) the informant only cooperated with the police after being arrested for dealing cocaine and being promised that he may not be prosecuted if he worked with the police and (2) the informant's prior cocaine use. Br. of Appellant at 14–15.

6. The State asserts that the issue has been waived as a result of defense counsel's failure to "present a record of proceedings adequate to address his claim." Br. of Appellee at 3. The State contends that the "unsworn and self-serving assertions" regarding trial counsel's failure to call alibi witnesses which were provided by defendant during the sentencing hearing are the only evidence that any alibi witnesses existed and that these assertions were insufficient to preserve defendant's claim for appellate review. We agree that it is defendant's duty to present this Court with an adequate record on appeal and when defendant fails to do so, the issue is deemed waived. *See Stallings v. State*, 508 N.E.2d 550, 552 (Ind.1987); *Jackson v. State*, 496 N.E.2d 32, 33.(Ind.1986).

In this regard, we take notice of the *Davis/Hatton* procedure to develop more thoroughly a record for appeal. *See Davis v. State*, 267 Ind. 152, 156, 368 N.E.2d 1149, 1151 (1977); *Hatton v. State*, 626 N.E.2d 442, 442 (Ind.1993). A *Davis/Hatton* request would have terminated or suspended this direct appeal so that post-conviction relief could be pursued in trial court. *State v. Lopez*, 676 N.E.2d 1063, 1068 (Ind.Ct.App. 1997). A *Davis/Hatton* request may have been appropriate under circumstances like this case where the claim asserted arguably requires a certain level of fact finding not suitable for an appellate court. For a recent example of a case in which the *Davis/Hatton* procedure was invoked, *see Brown v. State*, 691 N.E.2d 438, 442 (Ind.1998) ("counsel sought permission from this Court to return to the trial court for consideration of defendant's claims of instructional error and ineffective assistance of trial counsel").

7. Even assuming that some of the alleged alibi witnesses exist, ineffective assistance of counsel would not necessarily have been established because trial counsel may have had valid reasons for not presenting the testimony of such witnesses. *See Williams v. State*, 508 N.E.2d 1264, 1267 (Ind.1987) ("Absent a strong showing to the contrary, we normally presume that counsel failed to present an alibi defense because it was not indicated by the circumstances or, if indicated, was rejected upon due deliberation."). *See,*

competence, the existence and testimony of the two eyewitnesses is sufficient to overcome the unsupported claim of ineffective assistance of counsel.

The failure to identify any alibi witnesses is particularly fatal to defendant's claim. "When ineffective assistance of counsel is alleged and premised on the attorney's failure to present witnesses, it is incumbent upon the petitioner to offer evidence as to who the witnesses were and what their testimony would have been." *Lowery,* 640 N.E.2d at 1047 (citing *Wallace v. State,* 553 N.E.2d 456 (Ind.1990)). *See Short v. State,* 539 N.E.2d 939, 943–44 (Ind.1989) (where defendant claimed trial counsel was ineffective for failing to investigate adequately and present defendant's alibi defense, but did not "set forth which witnesses were not subpoenaed or what they would have said to corroborate his alibi testimony"). In his brief, defendant cites to two cases in which this Court found trial counsel to be ineffective for failing to present alibi witnesses at trial. *Williams v. State,* 508 N.E.2d 1264 (Ind.1987); *Thomas v. State,* 251 Ind. 546, 242 N.E.2d 919 (1969).[8] We find both cases to be distinguishable from the circumstances of this case. In *Williams* (appeal from the denial of post-conviction relief) and *Thomas* (direct appeal), the defendant provided the Court with the names of alibi witnesses which trial counsel was allegedly aware of and also presented the Court with alibi testimony. In this case, defendant has failed to do either. *See Smith v. State,* 511 N.E.2d 1042, 1044–45 (Ind.1987) (where defendant testified at post-conviction that witnesses would testify to his whereabouts the night of the crime but that the witnesses were not present at the post-conviction hearing, we determined that defendant's "testimony that these witnesses were available is not sufficient to overcome [defen-

dant's] burden of persuasion that counsel was ineffective for failure to present the witnesses").

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

DICKSON, J., concurs in result.

*e.g., Zeilinga v. State,* 555 N.E.2d 471, 475 (Ind. 1990) (where defendant claimed that trial counsel was ineffective for not presenting an alibi defense, a pretrial hearing conducted in the case revealed that counsel rejected defendant's request to present an alibi defense because the witness had no knowledge of defendant's whereabouts at the time the crime was committed and the court concluded that counsel "had taken all reasonable steps to attempt to establish alibi evidence but was unable to do so"); *Brewer v. State,* 496 N.E.2d 371, 373 (Ind.1986) (where defen-

dant unsuccessfully claimed he was prejudiced because trial counsel ineffectively elicited weak testimony from alibi witnesses after defendant advised trial counsel that the alibi evidence was untrue but insisted upon trial counsel presenting such testimony).

8.  We note that *Thomas v. State,* 251 Ind. 546, 242 N.E.2d 919 (1969), was decided before the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard on ineffective assistance of counsel was established.