**Christopher A. BREWSTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 43A03–9708–CR–298.**

Court of Appeals of Indiana.

July 16, 1998.

Michael W. Reed, Warsaw, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, K.C. Norwalk, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

KIRSCH, Judge.

After a jury trial, Christopher A. Brewster was convicted of theft and burglary. On appeal, he claims that he was denied effective assistance of counsel based on his trial counsel's failure to present potential alibi witnesses.

We affirm.

Brewster argues that his trial counsel was ineffective for failing to secure the testimony of three potential alibi witnesses, Alma Caudill, Cleon Napier, and Geneva Napier. In an appendix to his appellate brief, Brewster submits unsigned affidavit forms in support of his contention that Caudill and the Napiers would have testified that Brewster was in Kentucky at the time the burglary took place.

The proper procedure for making a challenge to a judgment involving evidence not in the record was recently set out in *Lee v. State*, 694 N.E.2d 719 (Ind.1998). In *Lee*, the defendant contended that he was denied effective assistance of counsel because his trial counsel did not present witnesses at trial who could have corroborated his alibi defense. The State argued that Lee's self-serving, unsworn assertions were the only evidence that any such alibi witnesses existed and that the assertions were therefore insufficient to preserve Lee's claim. The supreme court agreed, noting that it is the defendant's duty to present the court with an adequate record on appeal and when the defendant fails to do so, the issue is deemed waived. *Id.* at 721 n. 6.

The court noted that the correct method for bringing such a claim is to use the procedure set forth in *Hatton v. State*, 626 N.E.2d 442 (Ind.1993) and *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977) to de-

velop a record for appeal. A *Davis/Hatton* request terminates or suspends the direct appeal so that post-conviction relief can be pursued in the trial court and is appropriate in circumstances where the claim requires a level of fact-finding not suitable for an appellate court. As this court recently explained,

> "the *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a postconviction relief petition to be pursued in the trial court. If after a full evidentiary hearing, the postconviction relief petition is denied, the appeal can be reinitiated. Thus, in addition to the issues initially raised in the appeal, the issues litigated in the postconviction relief proceeding (e.g., ineffectiveness of trial counsel) can also be raised. In this way, even if the trial court denies the postconviction claim of ineffectiveness of trial counsel, a full hearing and record on the issue will be included in the appeal."

*State v. Lopez*, 676 N.E.2d 1063, 1069 (Ind. Ct.App.1997) (citations omitted). *See also Brown v. State*, 691 N.E.2d 438, 442 (Ind. 1998) (using *Davis/Hatton* procedure for consideration of claims of instructional error and ineffective assistance of trial counsel).

 Here, Brewster's claim of ineffective assistance of counsel is brought in the incorrect forum and in an inappropriate way. His claim requires evidentiary determinations that we are not equipped to make. It is not a proper function of an appellate court to receive and weigh evidence. *Melloh v. Gladis*, 261 Ind. 647, 659, 309 N.E.2d 433, 440 (1974). Furthermore, the affidavits Brewster submitted were not signed and do not constitute admissible evidence.[1] As in *Lee*, we are faced only with a defendant's self-serving allegations about what his alibi witnesses would have said if trial counsel had secured their testimony.

We affirm Brewster's conviction without prejudice to his right to file a petition for post-conviction relief pursuant to *Davis/Hatton*.

Affirmed.

SULLIVAN and BAKER, JJ., concur.

---

1. Since the filing of Appellant's brief, Brewster has petitioned this court to supplement his brief and tendered signed affidavits in support of his contention. Because our decision is not based upon the fact that the affidavits were not signed, but rather upon the improper procedure followed, we deny Brewster's petition.