750 N.E.2d 885 (2001)
D.D.K., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 20A03-0101-JV-18.
Court of Appeals of Indiana.
July 6, 2001.
*887 Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Robin Hodapp-Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

*886 OPINION
KIRSCH, Judge.
D.D.K. appeals an adjudication finding him to be a delinquent child for committing battery,[1] an act which would be a Class A misdemeanor if committed by an adult. D.D.K. raises two issues for our review:
I. Whether the trial court erred in excluding particular witness testimony.
II. Whether D.D.K. received ineffective assistance of counsel.
We affirm.

FACTS AND PROCEDURAL HISTORY
The facts most favorable to the court's delinquency determination are that on June 3, 1999, R.B. was walking home from West Side Middle School in Elkhart, Indiana, with his stepbrother and stepsister, when the three encountered a group of students, including D.D.K. Because of a prior confrontation between D.D.K. and R.B., R.B.'s stepbrother and stepsister ran into a nearby drug store, while R.B. fled on foot. When R.B. eventually stopped, D.D.K. and several other students crowded around him, while still others observed from across the street. D.D.K. struck R.B. in the jaw knocking him to the sidewalk. One or more of the students surrounding R.B. continued to punch and kick him, until authorities were called and an ambulance took R.B. to the hospital.
The State filed a petition charging D.D.K. with Class A misdemeanor battery. D.D.K. denied the allegations and the court scheduled a denial hearing for August 18, 1999. As required by local rule, D.D.K. filed a witness list ten days before the hearing. On August 16, D.D.K. filed a supplemental witness list identifying his aunt and mother as additional defense witnesses.
When defense counsel called D.D.K.'s aunt to testify at the hearing, the State objected on the basis that the defense had not disclosed her as a witness ten days prior to trial as required by local rule. The trial court agreed and excluded the testimony of both D.D.K.'s aunt and mother for failure to timely disclose them as witnesses. During the exchange between counsel and the court, the State noted that it further objected to the testimony of both the aunt and mother, whose testimony was intended to show that D.D.K. was not present at the brawl, because D.D.K. did not file a notice of alibi defense as required by statute.
The trial court issued an order finding that D.D.K. committed the offense as charged and later entered a dispositional order that adjudicated D.D.K. a delinquent. D.D.K. now appeals.

*888 DISCUSSION AND DECISION

I. Exclusion of Witnesses
D.D.K. contends that the trial court erred in excluding the testimony of his mother and aunt for his failure to comply with the local rule concerning disclosure of witnesses. See Elkhart County Local Trial Rule 13. Trial courts in the State of Indiana may establish rules for their own governance, so long as the rules are not inconsistent with rules prescribed by the Indiana Supreme Court or by statute. IC 34-8-1-4; Ind. Trial Rule 81. Generally, these rules are procedural and are intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits of the case. Meredith v. State, 679 N.E.2d 1309, 1310 (Ind.1997). It is true that once made, all litigants and the court are bound by the rules of the court; however, a court should not blindly adhere to all its rules. Id. at 1311.
"`Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.'"
Id. (quoting American States Ins. Co. v. State ex rel. Jennings, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972)).
Trial courts retain the discretion to exclude a belatedly disclosed witness when there is evidence of bad faith on the part of counsel or a showing of substantial prejudice to the State. Williams v. State, 714 N.E.2d 644, 651 (Ind.1999), cert. denied 528 U.S. 1170, 120 S.Ct. 1195, 145 L.Ed.2d 1099 (2000); Cook v. State, 675 N.E.2d 687, 691 (Ind.1996); Wiseheart v. State, 491 N.E.2d 985, 991 (Ind.1986) (most extreme sanction of witness exclusion should not be employed unless defendant's breach has been purposeful or intentional or unless substantial or irreparable prejudice would result to State). In light of a defendant's right to compulsory process under the federal and state constitutions, there is a strong presumption to allow the testimony of even belatedly-disclosed witnesses. Williams, 714 N.E.2d at 651 (citing U.S. CONST. amend. 6; IND. CONST. Art. I, § 13). Generally, a continuance rather than exclusion is the appropriate remedy in this situation. Id. See also Fields v. State, 679 N.E.2d 1315, 1319 (Ind.1997) (although court allowed State's witness to testify even though State did not disclose her name until day of appearance, court noted that where a party fails to disclose witness, courts generally remedy situation by providing continuance rather than disallowing testimony).
In this case, D.D.K.'s counsel explained that the two witnesses were inadvertently omitted from the August 8 witness list due to clerical error, which, when discovered, was promptly addressed with the filing of the supplemental witness list on August 16. Defense counsel also made an offer of proof, providing the general substance of the witnesses' anticipated testimony, namely that D.D.K. was not present at the fight involving R.B.[2]
*889 The State did not allege, nor do we find, any evidence of deliberate conduct or bad faith on D.D.K.'s part in failing to timely disclose the subject witnesses to the State. Thus, this issue turns on whether permitting the testimony would have been substantially prejudicial to the State. Because of the late disclosure, the State advised the court that it was not able to check criminal records, noting that the aunt was not listed on the police report and was not otherwise known or anticipated. Although the State thereby identified some degree of inconvenience stemming from D.D.K.'s untimely disclosure, we do not find that it rises to the level of substantial prejudice. The trial court should have allowed the two witnesses to testify after giving the State a recess, or if necessary a continuance, to obtain records on the witnesses and speak with them. See Williams, 714 N.E.2d at 652 (where defense presented undisclosed witness on second of three days of trial, error for trial court to exclude her testimony when defense investigator had just received a call from her on previous day). Under the present circumstances, the "most extreme sanction" of witness exclusion could have been avoided.
Nevertheless, we find that trial court error, if any, was harmless. Here, D.D.K. never filed a motion to present an alibi defense pursuant to IC XX-XX-X-X(2), which requires a defendant to inform the trial court in writing of defendant's intention to offer an alibi defense to a misdemeanor charge. When a defendant fails to file a notice of alibi in accordance with IC XX-XX-X-X, the trial court shall exclude any alibi evidence offered by the defendant. Adkins v. State, 532 N.E.2d 6, 8 (Ind.1989) (emphasis added). See also IC XX-XX-X-X(b) (if defendant failed to file a statement of alibi, and does not show good cause, court shall exclude evidence offered to establish alibi). In this case, because no notice of alibi was ever filed, nor good cause shown for such failure, D.D.K.'s counsel would have been prohibited from presenting any alibi testimony, other than defendant's own testimony, which was not presented in this case. Lee v. State, 694 N.E.2d 719, 722 (Ind.1998), cert. denied 525 U.S. 1023, 119 S.Ct. 554, 142 L.Ed.2d 461 (1998). Thus, even if D.D.K.'s counsel had timely disclosed the mother and aunt as witnesses, the trial court would have been justified in excluding their testimonies. Accordingly, we find no error in the court's exclusion of evidence.

II. Ineffective Assistance of Counsel
D.D.K. asserts that his counsel was ineffective in essentially three respects, for failing to: (1) timely file the witness list that included the names of his mother and aunt; (2) make a sufficient offer of proof concerning the testimony of those witnesses; and (3) file a notice of alibi defense. To succeed upon a claim of ineffective assistance of counsel, it must be shown that deficient performance by counsel has prejudiced the defendant. Jones v. State, 569 N.E.2d 975, 982 (Ind. Ct.App.1991) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A defendant must overcome with strong and compelling evidence the presumption that his counsel was competent. Id. A fair trial is denied when a conviction is the result of a breakdown in the adversarial process that renders the result unreliable, and a defendant must show that but for counsel's errors, there was a reasonable probability that the result would have been different. Id. Isolated poor strategy, inexperience or bad tactics do not necessarily amount to ineffective assistance of counsel. Id.
*890 We have already determined, above, that regardless of whether counsel had timely filed the complete witness list that included D.D.K.'s mother and aunt, the trial court would have excluded the testimony due the absence of a filed alibi notice. That is, even if counsel had listed the two witnesses in a timely fashion, there is no reasonable likelihood that the outcome of the trial would have been different. Therefore, defendant's ineffective assistance of counsel claim on this basis fails.
We also described the offer of proof made by D.D.K.'s counsel and conclude that the offer of proof sufficiently informed the trial court of the expected testimonies. See Herrera v. State, 679 N.E.2d 1322, 1325 (Ind.1997) (offer of proof is required so that trial and appellate court can determine admissibility of testimony and potential for prejudice if evidence is excluded). Because counsel's offer of proof was adequate, and his performance was reasonable, D.D.K.'s claim of ineffective assistance of counsel on this basis also fails.
Lastly, we address the claim that D.D.K.'s trial counsel was ineffective for his failure to file the statement of intention to offer an alibi defense. The failure to present an alibi defense is not necessarily ineffective assistance of counsel. Jones, 569 N.E.2d at 982-83 (citing Zeilinga v. State, 555 N.E.2d 471 (Ind. 1990); Miller v. State, 543 N.E.2d 639 (Ind.1989); Smith v. State, 511 N.E.2d 1042 (Ind.1987)). In Jones, this court found that counsel's failure to file a notice of alibi, which prevented defendant from offering alibi evidence at trial, did not amount to ineffective assistance of counsel. In that case, trial counsel indicated that Jones's prospective alibi witness was a primary witness against Jones in another case, and, therefore, trial counsel was unable to talk to that witness until shortly before trial. The court thus found that it "cannot fault trial counsel for not pursuing that potential witness." Id. at 983. Furthermore, the record in Jones revealed strategic reasons why counsel may have chosen not to use certain witnesses.
In contrast, nothing in the Record before us reveals why D.D.K.'s trial counsel did not file a notice of intent to pursue an alibi defense, whether for tactical reasons, practical reasons, or otherwise. It is this type of claimed error that our supreme court has characterized as a "hybrid contention," consisting of "an act or omission on the record that is perhaps within the range of acceptable tactical choices counsel might have made, but in the particular instance is claimed to be made due ... to some other egregious failure rising to the level of deficient attorney performance." Woods v. State, 701 N.E.2d 1208, 1212 (Ind.1998), cert. denied 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). Evaluation of the claimed error requires a showing to rebut the presumption of counsel competence. "The reasoning of trial counsel is sometimes apparent from the trial record. However, in assessing hybrid contentions it is often necessary for an additional record to be developed to show the reason for an act or omission that appears in the trial record." Id. at 1212-13. Such is the case here, where an evidentiary hearing is needed in order to evaluate the reasons for counsel's alleged error, namely the failure to file the alibi notice, and the likelihood that the error, if any, affected the result. This court has no ability to engage in fact-finding or take new evidence. See Brewster v. State, 697 N.E.2d 95, 96 (Ind.Ct.App.1998) (not proper function of appellate court to receive and weigh evidence).
In these circumstances, the proper procedure, which has become known as the Davis/Hatton procedure, is to request that the appeal be suspended or terminated so that a more thorough record may be developed through post-conviction proceedings. *891 See Lee, 694 N.E.2d at 721 n. 6 (citing Davis v. State, 267 Ind. 152, 156, 368 N.E.2d 1149, 1151 (1977) and Hatton v. State, 626 N.E.2d 442, 442 (Ind.1993)). In Lee, the defendant asserted that his trial counsel was ineffective for not presenting witnesses who would have corroborated his alibi defense, arguing that if counsel had done so, the result would have been different.[3]Id. at 721. Our supreme court rejected Lee's claim, which was not supported by any testimony from trial counsel or the identification of any alibi witnesses, and affirmed his convictions. However, it expressly noted the availability of the Davis/Hatton procedure, suggesting that a Davis/Hatton request "may have been appropriate under circumstances like this case where the claim asserted arguably requires a certain level of fact finding[.]" Id. at 721 n. 6.
Similarly, here, with the absence of a Davis/Hatton request, and D.D.K.'s failure to demonstrate that trial counsel was ineffective under the two-pronged Strickland test, D.D.K.'s claim of ineffectiveness of counsel fails.[4] "[W]e presume that counsel rendered adequate assistance and find nothing to rebut the application of that presumption here." Id. at 721.
Affirmed.
SHARPNACK, C.J., and MATTINGLY-MAY, J., concur.
NOTES
[1] See IC XX-XX-X-X.
[2] In his offer of proof, counsel elaborated by stating that the mother and aunt's testimonies would be in accord with another witness who had already testified. The witness to whom counsel refers was another student who had testified that D.D.K. did not walk home that day, but rather was on the bus. Thus, although counsel did not expressly state that the mother and aunt would testify that D.D.K. was on the bus, this proposition is implied by his reference to the prior witness.
[3] Because a notice of alibi was never filed, trial counsel would have been prohibited from presenting alibi testimony, other than defendant's own testimony. Lee, 694 N.E.2d at 721 n. 4. However, Lee did not allege that counsel was ineffective for failure to file the notice, and the court proceeded to consider Lee's claimed error for failure to present alibi witnesses. Id.
[4] We further observe that D.D.K. is precluded from seeking post-conviction relief on this basis. Etienne v. State, 716 N.E.2d 457, 463 (Ind.1999) (ineffective assistance of trial counsel claim foreclosed in post-conviction proceedings if raised on direct appeal); Woods, 701 N.E.2d 1208, 1220 (if ineffective assistance of trial counsel is raised on direct appeal by Davis petition or otherwise, issue will be foreclosed from collateral review).