**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2013, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL B. TROEMEL**
Lafayette, Indiana

ATTORNEY FOR APPELLEE:

**JASON W. BENNETT**
Bennett Boehning & Clary LLP
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE:  THE PATERNITY OF B.H.,       )
                                      )
S.H.,                                 )
                                      )
     Appellant-Respondent,           )
                                      )
       vs.                           )    No. 54A01-1208-JP-340
                                      )
B.B.,                                 )
                                      )
     Appellee-Petitioner.            )

APPEAL FROM THE MONTGOMERY CIRCUIT COURT
The Honorable Harry A. Siamas, Judge
Cause No. 54C01-9011-JP-132

February 7, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

S.H. ("Father") appeals the trial court's order modifying his child support obligation to B.H. ("the child") based on a determination following an evidentiary hearing that the child is incapacitated. Father presents a single issue for review, namely, whether the trial court erred when it granted a petition filed by B.B. ("Mother") to modify child support eight months after the child had reached the age of twenty-one.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

B.H. was born to Father and Mother on June 12, 1990. Father ultimately acknowledged paternity, and, on June 27, 1991, the trial court entered an order establishing paternity and a child support obligation ("Paternity Order"). The Paternity Order required Father to pay thirty-seven dollars weekly child support "during the minority of said child or until further order of the court[.]" Appellant's App. at 17. About the same time the Paternity Order was entered, the child was diagnosed with mental and physical disabilities:

> He has two conditions. One's called Duarte syndrome, he's missing an entire gene sequence which affects every system in his body from mental disability to heart murmurs, cataracts, muscle atrophy, and then spastic dysplasia which is another form of mental disability which he has been diagnosed with moderate mental disability.

Transcript at 9. Father had contact with the child intermittently until the child was approximately five years old.

As B.H. grew up, Father continued to pay child support as provided in the Paternity Order, and Mother kept Father informed of the child's medical costs, although

2

Father did not contribute to those costs. When the child turned eighteen years old, Mother applied for guardianship of him, and Father consented to the guardianship. At some point B.H. received a certificate of completion from Fountain Central High School, but he was not able to earn his high school diploma "because his mental handicap prevented him from completing ISTEP testing." Appellant's App. at 60. From ages nineteen through twenty-one, B.H. was enrolled in a special needs program in Fountain County.

When B.H. turned twenty-one years old, Father discontinued paying child support. Eight months later, on February 10, 2012, Mother filed a verified petition to modify child support alleging the child to be incapacitated and an affidavit for rule to show cause based on Father's cessation of paying child support. On June 18, the hearing date for Mother's pleadings, Father filed a motion to dismiss Mother's petition and her affidavit for rule to show cause. The trial court heard evidence on all pending motions and took the matter under advisement, allowing the parties time to submit supplemental authority. And on July 5, the court entered an order granting Mother's motion to modify, determining a child support arrearage, and denying Father's motion to dismiss ("the Order"). The Order provides, in relevant part:

> Father argues that under Indiana Code § 31-16-6-6[] the child is emancipated and that his duty to pay child support has terminated. [Mother] filed a Verified Petition to Modify on February 10, 2012, eight months after [the child] turned 21. In the petition, Mother alleged that [the child] suffers from incapacity. Father argues that the petition to modify is barred by laches as Mother had ample time to file a petition to modify prior to [the child] turning twenty-one. . . .

\* \* \*

3

TIMING OF THE FILING OF THE PETITION TO MODIFY

* * *

Indiana does not require that the issue of incapacitation be raised prior to a child's 21st birthday. However, the onset of the incapacity must occur prior to the child's 21st birthday. The parent seeking termination of child support has the burden to prove the child's age. Thereafter, the burden of proof shifts to the parent who opposes the termination of child support to prove that the adult child is incapacitated. Liddy v. Liddy, 881 N.E.2d [62,] 67 [(Ind. Ct. App. 2008)].

LACHES

* * *

Father's reliance on the doctrine of laches is misplaced as this is a child support case. Even if the doctrine may apply to the case, the evidence does not support that Mother's delay in filing her petition within eight months after [the child's] 21st birthday was unreasonable or that the delay prejudiced Father.

INCAPACITY

* * *

Mother has the burden to prove by [a] preponderance of the evidence that [B.H.] is incapacitated. None of the evidence standing by itself satisfies her burden. The fact that [the child] is under guardianship or that the Social Security Administration has found him to be disabled does not necessarily lead to the conclusion that [B.H.] is incapacitated for child support purposes. However, the totality of the facts presented make it more likely than not that [B.H.] is incapacitated within the meaning of I.C.[ §] 31-14-11-18. . . .

Id. at 55-60. The trial court found that Father's cessation of child support was not willful and, therefore, denied Mother's rule to show cause. But the court determined that Father had a support arrearage, ordered him to pay the arrearage over time, and modified child support to be $147 per week to be phased in over a set schedule. Father now appeals.

4

**DISCUSSION AND DECISION**

Mother filed a petition requesting child support for B.H. beyond the statutory age of emancipation. At trial, Father argued that Mother's petition was barred by laches because she had filed it eight months after B.H. had turned twenty-one years old. The trial court rejected the laches argument. On appeal, Father maintains that this court "should create a new standard in untimely petitions to modify child support in cases where there is an incapacitated child to take into account the prejudices that go against the parent who is paying the support." Appellant's Brief at 4. We must reject Father's argument.

Father's argument in essence reframes his argument that laches bars consideration of Mother's petition. In general, the doctrine of laches does not apply to child support cases. Gray v. Schachel (In re P.W.J.), 846 N.E.2d 752, 759 (Ind. Ct. App. 2006) (citation omitted). "This is so because Indiana courts will not penalize a child for his or her parent's delay in pursuing child support." Id. (citations omitted). Because Father's argument merely reframes his laches argument, and laches is not applicable here, Father's argument is without merit.

In any event, case law supports the trial court's decision to award child support even though Mother filed the petition to modify based on incapacity several months after B.H. had reached the age of majority. As relevant in the present case,

> [t]he duty to support a child under [law] ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:
>
> > (1)    The child is emancipated before becoming twenty-one (21) years of age. . . .

5

> (2)  The child is incapacitated.  In this case the child
> support continues during the incapacity or until further
> order of the court.

Former Ind. Code § 31-16-6-6(a)(1), (2).[1]  "The purpose of the statute 'is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support.'"  Hirsch v. Oliver, 970 N.E.2d 651, 655 (Ind. 2012) (quoting Dunson v. Dunson, 769 N.E.2d 1120, 1124 (Ind. 2002)).

In Dennison v. Dennison, 696 N.E.2d 88 (Ind. Ct. App. 1998), the child suffered from a debilitating seizure disorder, but mother did not file any petition seeking to extend the child's support obligation before the child turned twenty-one years old.  As a result, the trial court determined that the child "became emancipated" on her twenty-first birthday.  The mother filed a motion to correct error, which the trial court denied.  The mother appealed, and this court held that the

> undisputed evidence reveals that [the child] is physically disabled and her
> capacity for maintaining gainful employment is severely limited.  Contrary
> to the trial court's judgment, no emancipation occurs where a child is so
> physically or mentally disabled that she cannot provide for herself.
> Because we find that the undisputed evidence leads to a result contrary to
> that reached by the trial court, we reverse.

Id. at 91.

Mother filed the petition to extend child support eight months after B.H. turned twenty-one years old, and the hearing on that petition occurred four months later.  And

---

[1]  Effective July 1, 2012, Indiana Code Section 31-16-6-6 was amended by lowering the age of emancipation from twenty-one years to nineteen years.  B.H. turned twenty-one years old and Mother filed the verified petition to modify child support before the effective date of the amended statute.  Therefore, we apply the former statute in this case.  See DeKalb County Welfare Bd. v. Lower, 444 N.E.2d 884, 888 n.8 (Ind. Ct. App. 1983).

the opinion shows that both parties were aware of the child's seizure disorder. While circumstances may exist in which prejudice from such a delay may be so egregious as to warrant reconsideration of the argument Father presents here, the facts in this case do not support a change in the applicable standard, namely, that child support beyond the age of emancipation may be awarded if the custodial parent shows that the child is incapacitated and that the incapacity started before the age of twenty-one. And there is evidence to show that Father had reason to know of the child's incapacity.[2]

We reject Father's request that we impose a new standard under which Mother's petition, filed after the child's twenty-first birthday, should not have been considered on the merits because of prejudice to Father caused by the delay in filing. The holding in Dennison shows that a parent may request after a child's twenty-first birthday the extension of child support due to that child's incapacity. And Father does not dispute the incapacity finding. Thus, we affirm the trial court.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.

---

[2] Again, B.H. was developmentally delayed as a toddler, while Father still visited with the child, and Mother sent medical bills to Father when the child was older.