Timothy ROOD, Appellant,

v.

MOBILE LITHOTRIPTER OF INDIANA, LTD., Union Hospital, and Mahmoud S. Saber, Appellees.

No. 84A04–0506–CV–363.

Court of Appeals of Indiana.

March 27, 2006.

Eric A. Frey, Anderson Frey & Nichols, Terre Haute, for Appellant.

Edna M. Koch, Jennifer A. Strickland-Padgett, Zeigler Cohen & Koch, Indianapolis, for Appellee, Union Hospital.

Michael E. O'Neill, Scott B. Culbertson, LLP, Schererville, for appellee, Mahmoud S. Saber, M.D.

## OPINION

BARNES, Judge.

### Case Summary

Timothy Rood appeals the trial court's granting of a motion for summary judgment filed by Union Hospital ("Union"). We affirm.

## Issue [1]

Rood raises one issue, which we restate as whether the trial court properly granted Union's motion for summary judgment.

## Facts

On October 29, 1999, Rood was injured as he was transported into a mobile lithotripsy facility to treat kidney stones. Rood was under general anesthesia at the time. On June 28, 2004, the medical review panel unanimously concluded that neither the anesthesiologist, Dr. Mahmoud Saber, nor Union failed to meet the applicable standard of care. Notwithstanding the opinion of the medical review panel, Rood filed a complaint alleging negligence against Dr. Saber and Union.[2]

On November 3, 2004,[3] Union filed a motion for summary judgment based on the medical review panel's conclusion. On November 9, 2004, Dr. Saber filed a separate motion for summary judgment. On November 24, 2004, Rood filed a motion for enlargement of time to respond to "Defendant's Motion for Summary Judgment

to including until January 2, 2005." [4] Appellee Union's App. p. 47. The trial court granted this motion, and on January 4, 2005, Rood filed a "memorandum in opposition to the motion for summary judgment filed by Dr. Saber" and designated evidence in support of his opposition to summary judgment. Appellant's App. p. 51.

The memorandum in opposition provided in part:

> Plaintiff, Timothy L. Rood, by counsel, Eric A Frey of Anderson, Frey & Nichols and James McGlone, hereby submits the following Memorandum in Opposition to the Motion for Summary judgment filed by the defendant, Mahmoud S. Saber.

### THE CONTENTIONS OF DR. SABER

Dr. Saber's Motion for Summary Judgment contends that the plaintiff has not submitted any expert evidence in support of his contention that the defen-

---

**1.** In his Appellee's Brief, Dr. Saber argues that Rood "presumably appeals from two distinct orders: first, the trial court granted Union Hospital's motion to strike Plaintiff's designation of evidence in response to its motion for summary judgment. Second, the trial court granted Union Hospital's motion for summary judgment." Appellee Dr. Saber's Br. p. 3. To the contrary, it appears that Rood is only appealing the grant of summary judgment in favor of Union, not the granting of Union's motion to strike.

Also, for the first time in his reply brief, Rood argues that the trial court granted Union's motion for summary judgment without first holding a hearing. However, Rood may not raise an issue for the first time in his reply brief. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind.2005) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived."). Nevertheless, regardless of the parties' attempts to limit the June 7, 2005 hearing to Union's motion to

strike, Rood repeatedly argued the merits of the summary judgment motion. He was not denied a summary judgment hearing.

**2.** On October 26, 2001, Rood filed a complaint against Mobile Lithotripter of Indiana. On December 27, 2004, the causes were consolidated.

**3.** The CCS says this motion was filed on November 2, 2004; however, the motion is filed stamped "received" on November 3, 2004.

**4.** Dr. Saber also argues that the trial court abused its discretion in granting the extension because Rood did not establish cause for such. Dr. Saber goes on to argue that even if the extension was properly granted, it relates only to Union's motion for summary judgment and not his. Nonetheless, the focus of Dr. Saber's brief is on the propriety of the trial court granting Union's motion for summary judgment. Further, there is no indication that such a claim is properly before us on cross-appeal.

dants in this case were guilty of medical malpractice. In opposition to the Motion for Summary Judgment, The plaintiff has submitted an affidavit from Michael R. Rader, a physician licensed to practice medicine in the State of Indiana, who has reviewed the medical record and states that as the "captain of the ship," Dr. Saber was responsible for the actions of the defendants in providing medical services to the plaintiff. In other words, Dr. Rader has provided the opinion which Dr. Saber claims is absent. There are other, and as compelling reasons to deny the Motion for Summary Judgment, [sic]

### RES IPSA LOQUITUR APPLIES TO THIS CASE

The medical records designated by plaintiff indicate that Dr. Monte Cordray prescribed that a lithotriptor [sic] procedure be used to crush plaintiff's kidney stones. The procedure was carried out at Union Hospital on October 29, 1999. Dr. Saber was present when the procedure was carried out. The record indicates that while the plaintiff was under anesthesia:

> During transfer of the patient from the cart to the lithotriptor [sic] gantry the portion of the gantry that hold the thorax turned with the patient on it and the patient's upper thorax dropped approximately 2 to 2½ feet. The anesthesiologist (Dr. Saber) and the nurses were in constant contact with the patient and the patient did not hit the floor of the truck at any time.

They went on to inspect the gantry and found that it was functioning properly which led to the conclusion that it "had not locked completely and swung open with some pressure as we attempt-ed to move him into the lithotriptor [sic] tank."

Thus, the evidence is clear that Dr. Saber and the nurses as well as the other personnel failed to properly secure the patient in the gantry in order to swing him into the mobile truck which belonged to Mobile Lithotripty [sic] of Indiana. The patient was under the exclusive control of Union Hospital, Dr. Saber and Mobile Lithotripty [sic] of Indiana and the incident would not have occurred in the absence of negligence on their part. There was nothing which plaintiff could have done to prevent the incident because he was helplessly under the control of the defendants. Under such circumstances, *res ipsa loquitur* applies. *Rector v. Oliver*, 809 N.E.2d 887, 892 (Ind.App.2004).

At the very least, there is a disputed issue of fact as to the issue of control, negligence, and the issue of *res ipsa loquitur*. These issues, as well as the opinion, of Dr. Rader, require the Court to deny the Motion for Summary Judgment.

*Id.* at 51–52.

Rood's designation of evidence provided:

### PLAINTIFF'S DESIGNATION OF EVIDENCE IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED BY DR. SABER

Plaintiff, Timothy L. Rood, by counsel, Eric A. Frey of Anderson, Frey & Nichols and James McGlone, hereby designates the following evidence in opposition to the Motion for Summary Judgment filed by the defendant, Mahmoud S. Saber:

1. The affidavit of Michael R. Rader, which is attached hereto as Exhibit A.

2. Selected portions of the medical records of Union Hospital, which are attached as Exhibit B.

3. The affidavit of Lisa Kralik which is attached as Exhibit C.

*Id.* at 30.

Shortly thereafter, Union sent a letter to Rood's counsel asking him to sign an agreed entry of summary judgment because there was no specific response to Union's motion for summary judgment. On January 19, 2005, Rood filed a designation of evidence in opposition to Union's motion for summary judgment. The designation included the same evidence previously designated against Dr. Saber.

On January 20, 2005, Union filed a motion to strike Rood's January 19, 2005 designation of evidence as being untimely. At the June 7, 2005 summary judgment hearing, the parties addressed the motion to strike and Union's motion for summary judgment. After the hearing, the trial court granted Union's motion to strike and motion for summary judgment. In granting Union's motion, the trial court stated that Rood "failed to advance any expert testimony to contradict the opinion of the medical review panel." Appellant's App. p. 18. Rood now appeals.

### Analysis

■■■ Rood argues that summary judgment was improper because the designated evidence creates genuine issues of fact for trial.[5] When reviewing a grant of summary judgment the well-settled standard of review is the same as it is for the trial court: whether there are genuine issues of material fact, and whether the moving party is entitled to judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind.2005). "All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party." *Id.* "The review of a summary judgment motion is limited to those materials designated to the trial court." *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152 (Ind.2005) (citing Ind. Trial Rule 56(H)).

Indiana Trial Rule 56(C) provides in part:

At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.... Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court.

"[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." T.R. 56(E). On appeal, we may not reverse a ruling on summary judgment on the ground that there is a genuine issue of material fact unless the material fact and the relevant evidence have been specifically designated to the trial court. T.R. 56(H).

---

**5.** Initially, Dr. Saber points out that Rood waived this issue because he failed to support it with citations to authority as required by Indiana Appellate Rule 46(A)(8). Although Rood only cites one case, which generally supports Union's position, because this appears to be a case of first impression without significant supporting authority, we will address it on the merits.

The trial court granted Union's motion for summary judgment because of Rood's failure to designate specific evidence in opposition to Union's motion for summary judgment. Rood argues that the trial court improperly allowed form to control over substance and urges that this was simply a captioning error.

Contrary to Rood's assertion, this was not a simple captioning error. Union and Dr. Saber filed separate motions for summary judgment a week apart. Throughout his memorandum in opposition to Dr. Saber's motion for summary judgment and the designation of evidence, Rood refers to Dr. Saber's motion for summary judgment and Dr. Saber's contentions. Rood refers to a singular defendant and a singular motion for summary judgment. Although the memorandum and designated evidence in opposition to Dr. Saber's motion for summary judgment refer to the actions and the alleged negligence of Union's nursing staff, they were clearly directed toward Dr. Saber's motion for summary judgment. Rood's omission is not simply a captioning error.

Next, we must determine whether the trial court should have considered the evidence designated in opposition to Dr. Saber's motion for summary judgment as evidence properly designated against Union. Rood suggests the trial court "engaged in the fiction" of reading the designated evidence, which demonstrated that summary judgment against Union was improper, and nevertheless granting summary judgment. Appellant's Br. p. 13. Ultimately, he contends that the evidence he designated against Dr. Saber shows a violation of the standard of care by Dr. Saber and the nursing personnel of Union sufficient to preclude summary judgment.

In 1991, our supreme court modified the summary judgment process through amendments to Indiana Trial Rule 56 so that parties could no longer rely without specificity on the entire assembled record to fend off or support motions for summary judgment. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993). "It is not within a trial court's duties to search the record to construct a claim or defense for a party." *Id.* The amendments were intended to aid the efficiency of summary judgment proceedings by ensuring that the parties and the trial and appellate courts are not required to search the record in an effort to discern whether an issue of material fact exists. *Justice v. Clark Memorial Hosp.*, 718 N.E.2d 1217, 1219 n. 2 (Ind.Ct.App.1999), *trans. denied* (2000).

The amendments also prohibit appellate courts from reversing summary judgment orders on the ground that there is a genuine issue of material fact unless the material facts and relevant evidence were specifically designated to the trial court. *Rosi*, 615 N.E.2d at 434. Our supreme court has also reiterated our observation that Indiana Trial Rule 56(H) was specifically added to further impress upon us the need for the parties to strictly comply with the designated evidentiary matter requirement. *Id.* (citing *Jackson v. Blanchard*, 601 N.E.2d 411, 415 (Ind.Ct. App.1992)).

Rood argues there is designated evidence in the record that could have been the basis of denying Union's motion for summary judgment. However, even if the trial court knew that the evidence designated against Dr. Saber could also be used to defeat Union's motion for summary judgment, Rood did not satisfy the designation requirements with regard to Union.

We have observed that "specificity is the mandate, but how a party chooses to specifically designate material is not mandated ...." *Ling v. Stillwell*, 732 N.E.2d

1270, 1276 (Ind.Ct.App.2000), *trans. denied* (2001). In *Ling*, we concluded, "even if references were 'broad' within Stillwell's memorandum in opposition to summary judgment, the designation alone was specific enough." *Id.* Unlike *Ling*, this is not a case in which Rood's designation against Union was too broad; it was simply non-existent.

Although we have held that as long as the trial court is apprised of the specific material upon which the parties rely in support of or in opposition to a motion for summary judgment, then the material may be considered, we cannot conclude under these facts that the trial court was apprised of the specific material upon which Rood relied in opposition to Union's motion for summary judgment. *See id.* In the absence of designated evidence specifically in opposition to Union's motion for summary judgment, the parties and the trial court were forced to speculate as to Rood's grounds for and evidence in opposition to, if any, Union's motion. Such is not in keeping with the purpose of the amendments of Indiana Trial Rule 56.

Rood's designation of evidence in opposition to Dr. Saber's separate motion for summary judgment is simply insufficient to serve as a designation of evidence in opposition to Union's motion for summary judgment. Because Rood did not specifically designate evidence in opposition to Union's motion for summary judgment, he has not satisfied the requirements of the Indiana Trial Rule 56 and not established that there are genuine issues of fact for trial.

## Conclusion

Rood did not designate evidence specifically in opposition to Union's motion for summary judgment and did not establish material issues of fact for trial. We affirm.

Affirmed.

SHARPNACK, J., and RILEY, J., concur.