In re The **PATERNITY OF P.W.J.**

**Phillip William Gray, Appellant–Respondent,**

v.

**Linda Sue Schachel, Appellee–Petitioner.**

No. 49A02–0509–JV–861.

Court of Appeals of Indiana.

July 21, 2006.

Phillip Gray, Indianapolis, IN, Appellant Pro Se.

Frances H. Barrow, Deputy Attorney General, Office of Attorney General, David Morris, Office of Prosecuting Attorney, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAILEY, Judge.

We issued our opinion in this appeal on May 5, 2006. In that opinion, we examined, in part, the propriety of the trial court's determination that P.W.J., i.e., the son of Phillip William Gray and Linda Sue Schachel, was emancipated at the age of eighteen. On appeal, Gray argued, in relevant part, that the trial court had abused its discretion by excluding the affidavit of P.W.J. (the "P.W.J. Affidavit"). In the Appellant's Appendix, Gray included a copy of the P.W.J. Affidavit, which was typewritten and unsigned. As a result, in our original opinion, we determined that the trial court had properly excluded the P.W.J. Affidavit because the affidavit did not constitute competent evidence under Indiana Trial Rule 11. *See In re Paternity of P.W.J.*, 846 N.E.2d 752, 757–58 (Ind. Ct.App.2006).

On June 5, 2006, Gray filed a Petition for Rehearing arguing, in part, that we had "ignored the fact that the [P.W.J. Affidavit] . . ., in the original court documents, was signed by P.W.J. and notarized." Appellant's Pet. Reh'g at 7. Specifically, Gray contends that "[i]n rejecting the [P.W.J. Affidavit] on the grounds that it was not signed, the Court of Appeals only looked at the unsigned copy presented by [Gray] for informational purposes only. *The signed and notarized copy of the Affidavit existed in the Court Records, made available by the Marion County Circuit Count, which was completely ignored by the Court of Appeals.*" *Id.* at 5 (emphasis added).

However, the only verified affidavit included in the trial record is Gray's own affidavit, which concerns social security benefits.[1] Gray failed to present us with

---

1. Because the trial court did not admit the P.W.J., such affidavit is not included in the exhibit transcript.

any court record demonstrating that the P.W.J. Affidavit was verified. Rather, the affidavit contained in the Appendix is type-written, unsigned, and purports to be from P.W.J. As an appellate court, we are constrained to the record on appeal, as well as by our standard of review. As the party claiming error, Gray bore the burden to prove that the trial court abused its discretion by excluding the P.W.J. Affidavit. Providing us with a typewritten, unverified affidavit did not meet that burden. Therefore, we affirm our original conclusion that the trial court properly excluded the P.W.J. Affidavit.

We grant Gray's petition for rehearing for the sole purpose of clarifying this issue and affirm our original opinion in all other respects.

KIRSCH, C.J., and CRONE, J., concur.