HOPEWELL ENTERPRISES, Appellant-Plaintiff,
v.
PIERCETON RUBBER PRODUCTS, INC., Appellee-Defendant.
No. 43A03-0607-CV-326
Court of Appeals of Indiana.
December 14, 2006
FRED PFENNINGER, Pfenninger & Associates, Indianapolis, Indiana, ATTORNEYFOR APPELLANT.

MEMORANDUM DECISION
BARNES, Judge.

Case Summary
Hopewell Enterprises ("Hopewell") appeals the trial court's granting of summary judgment in favor of Pierceton Rubber Products, Inc. ("Pierceton"). We reverse.

Issue
Hopewell raises one issue, which we restate as whether genuine issues of material fact preclude the entry of summary judgment in favor of Pierceton.

Facts
On January 11, 2006, Hopewell filed a complaint against Pierceton alleging that Pierceton owed it $3,483.45 plus interest "for goods and/or services" it provided to Pierceton. App. p. 4. In its answer, Pierceton denied the allegations in Hopewell's complaint.
On February 27, 2006, Hopewell moved for summary judgment. Hopewell's designated evidence indicated that Pierceton had not paid for two $895 deliveries of rubber and that in addition to the cost of the deliveries Pierceton owed finance charges and collection fees. In its memorandum in opposition to Hopewell's motion for summary judgment, Pierceton argued that it rejected the two deliveries because they were unusable. Pierceton included an affidavit from its chief executive officer, in which he swore that the two deliveries were defective and rejected by Pierceton, that Pierceton allowed the rubber to be unloaded as a convenience to the shipper and Hopewell "after receiving assurance from both that [Pierceton] would not be responsible for any shipping cost or rubber shrinkage[,]" and that the rubber was picked up by the shipper and not used by Pierceton. App. p. 20. After a hearing, the trial court denied Hopewell's motion for summary judgment and entered summary judgment for Pierceton. Hopewell now appeals.

Analysis
Hopewell argues that summary judgment for Pierceton was improper because Pierceton was a non-moving party and the issues upon which Pierceton relied were not properly before the court and because there are genuine issues of material fact precluding the entry of summary judgment. When reviewing a grant of summary judgment we must determine whether there are genuine issues of material fact, and whether the moving party is entitled to judgment as a matter of law. Rood v. Mobile Lithotripter of Indiana, Ltd., 844 N.E.2d 502, 506 (Ind. Ct. App. 2006). We construe all evidence in favor of the opposing party and resolve all doubts as to the existence of a material issue of fact against the moving party. Id. Our review of a grant of summary judgment is limited to those materials designated to the trial court. Id. "Additionally, when a party files a motion for summary judgment, that movant bears the risk of entry of summary judgment in favor of the non-movant, even though the non-movant has not filed a cross-motion for summary judgment." Shah v. Harris, 758 N.E.2d 953, 955 (Ind. Ct. App. 2001) (citing Ind. Trial Rule 56(B)), trans. denied.
Pierceton did not file an appellee's brief. Under such circumstances, we need not undertake the burden of developing an argument for Pierceton. See Fowler v. Perry, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005). When an appellee fails to file a brief, we have long applied a less stringent standard of review with respect to the showing of reversible error. Id. We may reverse the trial court if the appellant is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it. Id.
Indiana Trial Rule 56(B) permits a trial court to "grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Assuming, contrary to Hopewell's assertion, that the issue of Pierceton's liability was properly before the trial court, Indiana Trial Rule 56(B) permitted it to enter summary judgment for Pierceton. Nevertheless, Pierceton's opposition to Hopewell's motion for summary judgment established genuine issues of material fact, rendering summary judgment improper.
In its motion for summary judgment, Hopewell asserted that Pierceton failed to pay for two deliveries of rubber and that "all just and lawful sets, credits, discounts, and payments have been allowed . . . ." App. p. 12. Pierceton responded by arguing that it rejected the two deliveries and that the shipper picked up the rejected rubber. Hopewell has made a prima facie showing that there is a genuine issue of material fact as to whether Pierceton acted within its rights when it refused to pay for the rejected rubber. The trial court's entry of summary judgment for Pierceton was improper.

Conclusion
Because there are genuine issues of material fact, the trial court improperly granted summary judgment for Pierceton. We reverse.
Reversed.
SULLIVAN, J., and ROBB, J., concur.