**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**SONIA LONG**
Elkhart, Indiana

ATTORNEY FOR APPELLEE:

**RANDY HEAD**
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SONIA LONG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 09A04-1305-PL-249 |
| | ) | |
| CITY OF LOGANSPORT, BUILDING | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE CASS SUPERIOR COURT**
The Honorable J. David Grund, Special Judge
Cause No. 09D01-1109-PL-30

**February 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Sonia Long appeals the trial court's grant of summary judgment in favor of the City of Logansport ("the City"), through its Building Commissioner, requiring Long to comply with a previous order issued by the City to raze a building she owns. We affirm.

**Issue**

The sole restated issue is whether there is any genuine issue of material fact that should have precluded the trial court from granting summary judgment to the City on its claim that Long owned an unsafe building and failed to comply with a previous order to raze it.

**Facts**

In accordance with the summary judgment standard of review, our recitation of the facts is limited to the submitted designated evidence and does not include numerous factual allegations by Long that she did not designate as evidence in response to the City's summary judgment motion. In 1999, Long purchased a former school building from the City's school corporation. The building had had no working heat or plumbing for many years and was used for storage, not human habitation. No one has occupied the building since Long purchased it. The building also contained asbestos and had numerous boarded-up windows. In March 2008, Long informed the City that she wished to rehabilitate the property for use as her family's personal residence. The rehab would include asbestos remediation. Long performed no renovation on the property for over two years.

On July 16, 2010, the City informed Long that its Building Commissioner had declared the building to be an unsafe building in accordance with the Indiana Unsafe

Building Law and City ordinances. It also ordered her to remediate the asbestos in the building, raze it, remove all trash and debris from the property, and obtain all necessary permits to perform those actions. The City gave Long until August 31, 2010, to complete all necessary work and also informed her that she could appeal the order before the City's Board of Public Works and Safety at a meeting on August 18, 2010. Long responded to this order with a letter stating that she and her husband had been financially unable to renovate the property and also admitting that it had no working heat or plumbing. However, Long did not appear at the August 18, 2010 hearing, at which time the July 16, 2010 order was affirmed. Long neither sought judicial review of this order nor complied with it.

On September 29, 2011, the City filed suit against Long to force her compliance with July 16, 2010 order. The City subsequently filed a motion for summary judgment. Long, acting pro se, never filed any designated evidence or written response to the City's motion nor sought an extension of time to do so. At the summary judgment hearing, Long argued her case but did not attempt to designate any evidence on her behalf. The trial court granted summary judgment to the City and ordered Long to carry out the steps in the July 16, 2010 order and to post a $150,000 performance bond. Long filed a motion to correct error, which contained a number of factual allegations presented during her summary judgment argument or not previously presented at all. The trial court denied the motion to correct error.

Long initiated this appeal. In her notice of appeal, she indicated that she wished to pursue an appeal directly to the Indiana Supreme Court, but the case was docketed with

3

this court. The City filed a motion to dismiss the appeal on the basis that the Indiana Supreme Court lacked direct jurisdiction over the case. Long made two attempts to file a response to this motion that were rejected by our clerk's office as defective, and she filed a third attempted response on October 15, 2013, continuing to assert that her appeal should be filed with the Indiana Supreme Court. On October 24, 2013, this court denied the City's motion to dismiss as moot because the case was docketed with this court and not the Indiana Supreme Court.

**Analysis**

Long continues to represent herself on appeal as she did before the trial court. We emphasize that "pro se litigants are to be held to the same standard as licensed lawyers." Twin Lakes Reg'l Sewer Dist. v. Teumer, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013). Long essentially argues in her reply brief that we should not hold her to such a standard, but case law is abundantly clear and long-standing that Indiana courts should not give special dispensation to pro se litigants. See id. at 747-48. To that end, we conclude that much of Long's brief lacks cogency because of her failure to cite any authority in support of her arguments on appeal, resulting in waiver of many of those arguments. See A.J. v. Logansport State Hosp., 956 N.E.2d 96, 109 (Ind. Ct. App. 2011) (citing Ind. Appellate R. 46(A)(8)(a)). We will limit our discussion of the merits to whether the trial court properly granted the City's motion for summary judgment under the Unsafe Building Law.

Before turning to the merits, however, we address Long's continuing effort to assert that her case should be heard by the Indiana Supreme Court and not this court. Under Indiana Appellate Rule 6, we may order this case transferred to the Indiana Supreme Court

4

if we determine that it falls within that court's jurisdiction. We conclude that it does not. The Indiana Supreme Court has mandatory direct jurisdiction only over cases involving criminal sentences of death or life without parole, involving a waiver of parental consent to abortion, involving a mandate of funds, or where a trial court has declared a federal or state statute unconstitutional. Ind. Appellate Rule 4(A). None of these categories are implicated here. Long attempts to argue that part of the Unsafe Building Law is unconstitutional, but the trial court did not declare it to be so (and her argument on this point is waived for lack of cogency in any event). Long also makes other, non-cogent and waived arguments that this case concerns unethical activity by judges and lawyers and invokes the Indiana Supreme Court's jurisdiction over judge and lawyer disciplinary matters under Indiana Appellate Rule 4(B), but this case does not concern complaints filed by Long against any judge or lawyer through their respective disciplinary commissions. Finally, the Indiana Supreme Court may exercise discretionary direct review over a case if a party files a request for bypassing this court, under Indiana Appellate Rule 56(A), asserting that "the appeal involves a substantial question of law of great public importance and . . . an emergency exists requiring a speedy determination." Long has not filed any such request here. We will exercise our jurisdiction to consider this appeal under Indiana Appellate Rule 5.

We review the granting of a motion for summary judgment using the same standard as the trial court. Reed v. Reid, 980 N.E.2d 277, 285 (Ind. 2012). A party moving for summary judgment must make a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Id.

"Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact." Id. We will construe all factual inferences in the non-moving party's favor and resolve any doubts as to the existence of a material issue of fact against the moving party. Id.

Of particular importance in this case, we must consider only the evidence designated to the trial court in determining whether a grant of summary judgment was appropriate. Id. (citing Ind. Trial Rule 56(C), (H)). A party opposing a summary judgment motion "shall . . . designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." T.R. 56(C). It is true that a failure to designate any evidence in opposition to a summary judgment motion does not automatically mean the motion must be granted, and a court "'shall make its determination from the evidentiary matter designated to the court.'" Filip v. Block, 879 N.E.2d 1076, 1081-82 (Ind. 2008) (quoting T.R. 56(C)). On the other hand, we cannot reverse a ruling on summary judgment on the ground that there is a genuine issue of material fact unless the material fact and the relevant evidence were specifically designated to the trial court. Rood v. Mobile Lithotripter of Indiana, Ltd., 844 N.E.2d 502, 506 (Ind. Ct. App. 2006) (citing T.R. 56(H)). Additionally, parties cannot generally rely on the entire record of a case to oppose a summary judgment motion, and "trial and appellate courts are not required to search the record in an effort to discern whether an issue of material fact exists." Id. at 507. Finally, we note that trial courts have no obligation to impress upon pro se litigants

the importance of specifically designating evidence in opposition to a summary judgment motion. See Rickels v. Herr, 638 N.E.2d 1280, 1283 (Ind. Ct. App. 1994).

Here, Long designated no evidence in opposition to the City's summary judgment motion nor did she ever request an extension of time to do so under Trial Rule 56(I). On appeal, she attempts in part to generally invoke other filings made during the course of the case to argue that genuine issues of material fact should preclude summary judgment in the City's favor, but such a general invocation of the record is improper. See Rood, 844 N.E.2d at 507. Long also points to her argument at the summary judgment hearing, in which she asserted various alleged factual issues in contravention of the City's designated evidence, as raising numerous genuine issues of material fact. It is clear, however, that argument by the parties during a summary judgment hearing is not competent evidence for summary judgment purposes. Turner v. Board of Aviation Comm'rs, 743 N.E.2d 1153, 1164 (Ind. Ct. App. 2001), trans. denied. Long contends that, at the summary judgment hearing, she "was sworn-in to present testimony as a 'knowledgeable person'" and, thus, she did more than merely present argument at the hearing. Reply Br. p. 6. Our review of the transcript reveals this to be false. Long was never sworn in, and she did not provide "testimony" to the trial court. In fact, at the conclusion of Long's argument the City requested permission to question Long as a witness so she could provide testimony about some statements she had made and the trial court refused to allow it, stating that it would not "accept presentation of evidence during a summary judgment hearing" and that "[a]nything should have been submitted that was . . . intended to be submitted with the motion and with any response so I'm going to leave the pleadings as they were submitted." Tr. p. 65. Thus, our

7

review of the present case is limited to the evidence designated by the City in support of its summary judgment motion.

The City filed its action against Long under the auspices of the Unsafe Building Law, seeking to force her compliance with the July 16, 2010 order as later affirmed by the City's Board of Public Works and Safety. The City administratively issued that order, pursuant to Indiana Code Section 36-7-9-5(a). That statute permits a municipality to issue various orders in connection with unsafe premises, including for the demolition and removal of an unsafe building under certain circumstances. A party subject to such an order has the option to seek administrative review of it under Indiana Code Section 36-7-9-7 and, if unsuccessful administratively, may seek judicial review under Indiana Code Section 36-7-9-8. Long did not participate in the administrative review of the order by the City's Board of Public Works and Safety, nor did she seek judicial review of the order. We conclude that the order is res judicata. An administrative order has res judicata effect if it is judicial in nature, meaning the affected parties were given notice, facts were ascertained, issues were determined, and the order is a final one regarding the parties' rights, duties, or liabilities. Development Servs. Alternatives, Inc. v. Indiana Family and Soc. Servs. Admin., 915 N.E.2d 169, 180 (Ind. Ct. App. 2009), trans. denied. Long cannot now directly challenge the contents of the July 16, 2010 order, including its requirement that she remove any asbestos from the building before razing it.

When Long failed to comply with the July 16, 2010 order, the City filed the present action pursuant to Indiana Code Section 36-7-9-17, which permits a municipality to "bring

8

a civil action regarding unsafe premises in the circuit, superior, or municipal court of the

county." In such an action, a trial court may, among other things:

> grant a mandatory or prohibitory injunction against any person that will cause the order to be complied with, if it is shown that:
>
>> (1) an order, which need not set a hearing date, was issued to the person;
>>
>> (2) the person has a property interest in the unsafe premises that are the subject of the order that would allow the person to take the action required by the order;
>>
>> (3) the building that is the subject of the order is an unsafe building; and
>>
>> (4) the order is not being reviewed under section 8 of this chapter.

Ind. Code § 36-7-9-18. Although not phrased as an "injunction," clearly the trial court's

summary judgment order has the effect of mandating Long's compliance with the July 16,

2010 order, as permitted by this statute.[1] There is no dispute that the order was issued to

Long, that she is the owner of the subject building, and that the order is not being judicially

reviewed under Indiana Code Section 36-7-9-8. The sole possible disputed issue here is

whether the building qualifies as an "unsafe building."

The Unsafe Building Law defines an "unsafe building" as:

> a building or structure, or any part of a building or structure, that is:
>
>> (1) in an impaired structural condition that makes it unsafe to a person or property;

---

[1] The trial court also was permitted to require Long to post a performance bond, pursuant to Indiana Code Section 36-7-9-18.1.

9

(2) a fire hazard;

(3) a hazard to the public health;

(4) a public nuisance;

(5) dangerous to a person or property because of a violation of a statute or ordinance concerning building condition or maintenance; or

(6) vacant and not maintained in a manner that would allow human habitation, occupancy, or use under the requirements of a statute or an ordinance . . . .

I.C. § 36-7-9-4(a). The City's summary judgment motion and designated evidence focused upon whether the unoccupied former school building was "not maintained in a manner that would allow human habitation, occupancy, or use under the requirements of a statute or an ordinance . . . ." This argument rested upon Long's representation to the City in 2008 that she intended to renovate the building to serve as her and her family's principal residence and the failure to perform any work toward that goal in the following two years. Long claims she informed the City in August 2010 that she no longer intended to use the building as a residence. Again, however, there is no designated evidence to that effect. Even if there were, the fact remains that Long had at least two years to renovate the building into a residence as she had represented she would—not counting the nine years prior to 2008 that she owned the building. Instead, the building remained in disrepair with boarded-up windows and, if she had abandoned plans to renovate it, would continue to remain in disrepair with boarded-up windows for an indefinite period of time. Among other things, the Unsafe Building Law states:

10

> (f) Vacant, deteriorated structures contribute to blight, cause a decrease in property values, and discourage neighbors from making improvements to properties.
>
> (g) Structures that remain boarded up for an extended period of time also exert a blighting influence and contribute to the decline of the neighborhood by decreasing property values, discouraging persons from moving into the neighborhood, and encouraging persons to move out of the neighborhood.

I.C. § 36-7-9-4.5. Long argues that there are other buildings in the City with boarded-up windows that have not been declared "unsafe" and that she is being discriminated against in some fashion. She fails to support this assertion with cogent argument or citation to designated evidence, however.

Specifically regarding whether the building was fit for "human habitation, occupancy, or use," in conjunction with Long's representation that she wanted to use the building as a residence, the City's housing ordinances define a "dwelling" as "any building which is wholly or partially used, or intended to be used, for living or sleeping purposes by human occupants . . . ." Appellee's App. p. 111. The ordinances further require every "dwelling" to "have heating facilities which are properly installed, are maintained in a safe and good working condition and are capable of safely allowing adequate heat to all habitable rooms . . . ." Id. at 109. On this point, the City designated a letter from Long in response to the July 16, 2010 order in which she stated, "You are correct, the building has no working plumbing and no heating." Id. at 120. Long argues that in fact the building does have a working heating system but that she chooses not to operate it. Once again, however, she designated no evidence to this effect that would contradict the City's designated evidence.

11

In sum, the City's unopposed designated evidence indicates that the building has been vacant with boarded-up windows for many years, that Long intended to renovate the building for use as a personal residence, but that she failed to take the necessary steps to meet the City's definition of a habitable "dwelling," most notably in the building not having adequate heating facilities. As such, there are no genuine issues of material fact and the building qualifies as an "unsafe building" as a matter of law under the definitions of the Unsafe Building Law. There being no dispute regarding the other three requirements for entering an injunction under Indiana Code Section 36-7-9-18 requiring a property owner to comply with a previously-issued administrative order, the trial court properly granted the City's motion for summary judgment.

**Conclusion**

Many of Long's attempted arguments have been waived for failure to present cogent argument. On the central issue of whether the trial court properly granted summary judgment to the City and required Long to comply with the July 16, 2010 order, we conclude there are no genuine issues of material fact and that the City was entitled to judgment as a matter of law. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.