

FILED

Apr 28 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tyreese Taylor-Bey
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyreese Taylor-Bey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 28, 2016

Court of Appeals Case No.
49A05-1503-CR-123

Appeal from the Marion Superior
Court

The Honorable Sheila A. Carlisle,
Judge

Trial Court Cause No.
49G03-1203-MR-17341

**Vaidik, Chief Judge.**

# Case Summary

Tyreese Taylor-Bey was convicted of murder. He now appeals, arguing that the trial court lacked jurisdiction based on his status as a "Moorish American National Sovereign" and "Secured Party Creditor." Because the trial court had jurisdiction, we affirm.

# Facts and Procedural History

In March 2012, the State charged Taylor-Bey with murder stemming from the 2004 shooting of Jesus Echavarria in Indianapolis.[1] His case was filed in Marion Superior Court. Taylor-Bey represented himself throughout the proceedings with the assistance of stand-by counsel.

Shortly after the murder charge was filed, Taylor-Bey filed a motion to dismiss the charge based on his status as a "Moorish American Sovereign National" and "Secured Party Creditor." The trial court denied this motion as well as Taylor-Bey's motion to reconsider. After Taylor-Bey filed a plethora of other motions regarding his status and received numerous continuances, his jury trial was held in February 2015. The jury found him guilty of murder, and the trial court sentenced him to sixty-five years.

---

[1] The State charged Taylor-Bey with other crimes but later dismissed them. Therefore, we reference only murder.

[3] Taylor-Bey, pro se, now appeals.

# Discussion and Decision

[4] Taylor-Bey raises one issue on appeal. He contends that the trial court did not have jurisdiction. Indiana trial courts possess two kinds of jurisdiction: subject matter and personal. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind. 2006). Subject-matter jurisdiction is "the power to hear and determine cases of the general class to which any particular proceeding belongs." *Id.* An Indiana court obtains subject-matter jurisdiction through the Indiana Constitution or a statute. *In re B.C.*, 9 N.E.3d 745, 751 (Ind. Ct. App. 2014). Personal jurisdiction "requires that appropriate process be effected over the parties." *K.S.*, 849 N.E.2d at 540 (concluding that personal jurisdiction existed because "K.S. was a Marion County resident who submitted himself to the authority of the court.").

[5] As for subject-matter jurisdiction, the murder charge against Taylor-Bey was filed in Marion Superior Court. According to Indiana Code section 33-29-1.5-2, all nonstandard superior courts, including Marion Superior Court, have original and concurrent jurisdiction in all criminal cases allegedly committed in Marion County. *See also* Ind. Code chapter 33-33-49 (Marion County); Marion County Local Court Rules, Marion Superior Court Criminal Rules, LR49-CR2.2-100. Accordingly, Marion Superior Court had subject-matter jurisdiction over the murder charge that the State brought against Taylor-Bey.

[6] Taylor-Bey also argues that the trial court did not have personal jurisdiction over him because he is not a United States citizen but rather a Moorish American National. Taylor-Bey relies on *Dred Scott v. Sandford*, 60 U.S. 393, 403-04 (1856), for this proposition. However, the Fourteenth Amendment to the United States Constitution provides that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The Fourteenth Amendment overturned the *Dred Scott* decision and made "all persons born within the United States and subject to its jurisdiction citizens of the United States." *Slaughter-House Cases,* 83 U.S. 36, 73 (1873).

[7] In any event, personal jurisdiction does not require the defendant to be a United States citizen. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that Burke is within the territory of the United States. Whether he came to this nation in a regular manner does not affect the court's authority to resolve the criminal charges against him."). Because Taylor-Bey's crime occurred in Marion County, Indiana, Marion Superior Court had personal jurisdiction over him in this case. *See* Ind. Code § 35-41-1-1(b) (providing that a "person" may be convicted under Indiana law if the conduct or result occurred in Indiana);

Ind. Code § 35-32-2-1 ("Criminal actions shall be tried in the county where the offense was committed . . . ."). We therefore affirm the trial court.[2]

[8] Affirmed.

Barnes, J., and Mathias, J., concur.

---

[2] To the extent Taylor-Bey raises other issues in his sixty-two-page brief, including that the State "charged a fiction creature" and not the correct entity Tyreese Taylor-Bey©, Appellant's Br. p. 36, they are merely reiterations of his argument that the trial court did not have jurisdiction. None of these arguments affect the trial court's jurisdiction over the murder charge that the State brought against Taylor-Bey.