## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 03 2020, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Steven B. Manus
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of S.J., Minor Child; | January 3, 2020 |
| Steven B. Manus, | Court of Appeals Case No. 19A-JP-1041 |
| *Appellant-Respondent,* | Appeal from the Allen Superior Court |
| v. | The Honorable Andrea R. Trevino, Judge |
| Tina Jones, | Trial Court Cause No. 02D07-8601-JP-25 |
| *Appellee-Petitioner,* | |
| and | |
| State of Indiana, | |
| *Appellee-Intervenor* | |

**May, Judge.**

Steven B. Manus appeals the trial court's default judgment in favor of the State of Indiana. We affirm.

# Facts and Procedural History

This matter stems from a paternity case[1] involving Manus originating in 1986.[2] At some point, the State of Indiana intervened in the case based on Tina Jones' status as a "program participant" of the "Title IV-D program[.]"[3] (Tr. Vol. II at 7.) On February 4, 2019, Manus filed[4] a "petition to challenge jurisdiction [and] a demand to vacate support order[.]" (*Id.* at 4.) The trial court held hearings on the petition and subsequent filings on March 15, 2019, and April 22, 2019.

The State of Indiana and Manus appeared at the March 15 hearing. The trial court discussed with Manus whether Jones had received personal service of his

---

[1] Regarding the trial court's jurisdiction over the parties, the State indicated, "It is the State's belief that in 1986 when this was filed both parties, Ms. Jones and Mr. Manus, were residents of Allen County, Indiana and this Court obviously has jurisdiction over the issue of child support. And they have the subject matter jurisdiction due to the fact they were Allen County residents." (Tr. Vol. II at 18.) Manus does not dispute he lives in Allen County and has an address in Fort Wayne, Indiana.

[2] As we will discuss *infra*, Manus' Statement of Facts provides very little information about the proceedings before the trial court. We have attempted to piece together the facts relevant to this matter from the trial court's order and the transcript.

[3] According to argument made by the State of Indiana during the April 22 hearing,

   [w]hen this case was filed back in 1986 this started out as a child support case, as of today is now an arrears only case. The most recent finding on arrears on this case is from February 24, 2014. This Court made a finding of $9,939.69 on arrears, $8,101.69 to custodial parent, $1,838.00 to the State of Indiana.

(Tr. Vol. II at 18.)

[4] The record does not include copies of a majority of the pleadings made in this case.

February 4 petitions.  The trial court concluded Jones did not have notice of the proceedings because Manus did not have proof that he served her with notice. Based thereon, the trial court set another hearing for April 22, 2019, to allow Manus time to serve Jones with his petition.  On April 8, 2019, the State of Indiana filed a motion to strike several of Manus' pleadings as "redundant in materiel [sic] and impertinent."  (*Id.* at 18.)

[4]  The State of Indiana appeared at the April 22 hearing.  When asked if he was "the Respondent, Steven Manus," Manus[5] replied, "I'm not Respondent."  (*Id.* at 16.)  Instead, he claimed he was "representing Steven Manus" as "his next friend" and was "not a party to this case."  (*Id.* at 17.)  The trial court refused to recognize Manus and asked him to step outside the courtroom after Manus attempted to submit something[6] to the court.

[5]  The trial court then found Manus and Jones in default based on their absence and entered a default judgment granting the State of Indiana's motion to strike, among other things, Manus' February 4, 2019, petitions.

# Discussion and Decision

[6]  We first note neither Jones nor the State of Indiana as an intervenor filed an appellee's brief.  When an appellee does not submit a brief, we do not

---

[5] The transcript indicates the speaker here is Manus.

[6] It is unclear from the transcript what Manus was attempting to submit.

undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[7] Manus proceeded *pro se* before the trial court and here on appeal. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Fatal to Manus' appeal is his non-compliance with several[7] rules of Indiana Appellate Procedure, the most egregious of which are the violations of Indiana Appellate Rule 46(A)(6) and 46(A)(8)(a).

[8] Indiana Appellate Rule 46(A)(6) requires the appellant's Statement of Facts to "describe the facts *relevant* to the issues presented for review." App. R. 46(A)(6) (emphasis added). Manus' Statement of the Facts begins:

> On September 29, 1962 Steven Bernard of the Manus Family
> hereinafter (Mr. Manus) was born a natural male In the Indiana
> State and reclaimed his rightful status as a sentient being of

---

[7] The record in this case also lacks compliance with Indiana Rule of Appellate Procedure 50(f), as the appendix does not include copies of all relevant pleadings, such as Manus' February 4 petition and the State of Indiana's March 8 motion to strike. Additionally, Manus' brief is a patchwork of fonts and font sizes, in violation of Indiana Appellate Rules 43(C) – (E), which address the legibility of the brief, including fonts, font sizing, and spacing.

majority age. Mr. Manus is clearly a sovereign Indiana State citizen due to his live birth in the Indiana State Republic.

(Br. of Appellant at 7) (errors in original). Manus' Statement of Facts does not provide any details regarding the proceedings, and it contains argumentative statements such as: "Mr. Manus did not consent knowingly or intentionally acquiesce to become the juristic person, legal fiction, artificial person, straw-man, ward, respondent, debtor or obligor ®**STEVEN B. MANUS**™." (*Id*. at 8) (formatting and errors in original). We are unable to ascertain the facts of the matter before us from Manus' Statement of Facts.

[9] Indiana Appellate Rule 46(A)(8)(a) requires the appellate argument to "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" Manus' argument sections are entitled, for example, "THE COURT HAD NO JURISDICTION OVER MR. MANUS AS LIVING MAN OF AGE OF MAJORITY AT ANY TIME OF THE ADMINISTRATIVE PROCESS" and "THE COURT ERRED WHEN DENIED MR.MANUS HIS LEGAL RIGHTS TO COMMERCIAL REMEDIES AND HIS STATUS HAS LIVING SOUL/MAN OF AGE OF MAJORITY AND STATUS HAS

SECURED PARTY CREDITOR AND Indiana State Republic Citizen."[8]  (Br. of Appellant at 11, 15) (formatting and errors in original).

[10] Additionally, he references multiple items that are not in the record before us including "AFDC Affidavit, Record of P." and his "proof of Mr. Manus' legal status and his Secured Party Creditor filing with the Clerk of Allen County, Indiana, and Connie Lawson the Secretary of the State." (*Id*. at 8, 15) (errors in original).  Finally, while Manus' brief contains multiple citations to legal precedent, it is unclear how any of that precedent relates to any issues he brings on appeal.  Based thereon, we conclude Manus' arguments are not cogent, and thus they are waived from our review.  *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999) (failure to present a cogent argument results in waiver of the issue on appeal).

[11] While failure to comply with the Indiana Rules of Appellate Procedure does not necessarily result in waiver of a claim,[9] waiver is appropriate when, as here,

---

[8] To the extent Manus argues he is a sovereign citizen and thus the trial court lacks jurisdiction, we reject that argument, as we and our sister federal courts have routinely done in the past.  *See, e.g., Taylor-Bey v. State*, 53 N.E.3d 1230, 1232 (Ind. Ct. App. 2016) (rejecting Taylor-Bey's jurisdictional arguments based on his contention he was a sovereign citizen); *and see United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

[9] We note the judiciary's commitment to open access of courts to all litigants, as is evidenced in a recent amendment to Indiana Code of Judicial Conduct Rule 2.2 (May 16, 2019), which states, in relevant part: "A judge shall uphold and apply the law and shall perform all duties of judicial office fairly and impartially. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be heard." The Comments to the Rule give a more specific explanation of possible reasonable efforts:

the violation of those rules substantially impedes our review of the issues alleged. *In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*.

# Conclusion

Manus' noncompliance with several Rules of Appellate Procedure has waived his arguments. Accordingly, we affirm the trial court's order.

Affirmed.

Crone, J., and Pyle, J., concur.

---

[5] A judge's responsibility to promote access to justice, especially in cases involving self-represented litigants, may warrant the exercise of discretion by using techniques that enhance the process of reaching a fair determination in the case. Although the appropriate scope of such discretion and how it is exercised will vary with the circumstances of each case, a judge's exercise of such discretion will not generally raise a reasonable question about the judge's impartiality. Reasonable steps that a judge may take, but in no way is required to take, include:

(a) Construe pleadings to facilitate consideration of issues raised.

Unfortunately, as indicated *supra*, the deficiencies in Manus' brief are so numerous and egregious that we are unable to ascertain the facts of the case before us or the issues Manus proports to present.