

# IN THE
# Court of Appeals of Indiana

Damon D. Clark,

*Appellant-Defendant*

v.

First Merchants Bank,

*Appellee-Plaintiff*



FILED

Mar 11 2026, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

March 11, 2026

Court of Appeals Case No.
24A-MF-2831

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge
The Honorable Ian Stewart, Magistrate

Trial Court Cause No.
49D01-2403-MF-10727

---

**Opinion by Judge May**
Judges Altice and Foley concur.

**May, Judge.**

Damon D. Clark appeals the trial court's grant of summary judgment to First Merchants Bank in First Merchants' action for foreclosure. Clark attempts to raise several issues on appeal, but those issues are waived because they were not presented to the trial court.[1] *See Safeco Ins. Co. of Ind. v. Blue Sky Innovation Group*, 230 N.E.3d 898, 907 (Ind. 2024) ("This issue was not presented before the trial court and is thus waived."), *reh'g denied*. In the trial court, First Merchants presented a prima facie case of entitlement to foreclosure, and Clark failed to designate any evidence to create a genuine issue of material fact about whether First Merchants was entitled to judgment as a matter of law. We accordingly affirm the trial court's summary judgment and order of foreclosure.

## Facts and Procedural History

On November 30, 2022, Clark signed a promissory note to borrow $177,332.20 from First Merchants to purchase a home in Indianapolis. The note required Clark to make monthly installment payments for thirty years, with the first installment due January 1, 2023. On November 30, 2022, Clark also signed a security instrument to grant Mortgage Electronic Registration Systems, Inc.,

---

[1] The language used by Clark in many of his trial and appellate court filings suggests he is an acolyte of the "sovereign citizen" movement, "a loosely-formed group of citizens who believe that they are sovereign individuals" beyond the reach of the courts. *Lewis v. Texas*, 532 S.W.3d 423, 430 (Tex. App. – Houston [14th Dist.] 2016). However, this Court and our sister courts have repeatedly rejected such arguments because they are baseless. *See, e.g.*, *Taylor-Bey v. State*, 53 N.E.3d 1230, 1231-32 (Ind. Ct. App. 2016) (holding trial court possessed personal and subject matter jurisdiction over the defendant and rejecting his sovereign citizen argument); *see also*, *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *reh'g denied*, *reh'g en banc denied*, *cert. denied*, 132 S. Ct. 1612 (2012).

("MERS") a security interest in the home he was purchasing. The mortgage was recorded in the Marion County Recorder's Office on December 15, 2022.

[3] Clark made eight monthly payments on the home loan and then failed to make further payments. MERS assigned the mortgage to First Merchants on March 4, 2024. On March 11, 2024, First Merchants filed a complaint asking to collect on the note and foreclose the mortgage. To that complaint, First Merchants attached the Notice of Default, a copy of the original note with Clark's signature, a copy of the mortgage, and a copy of the assignment of the mortgage from MERS to First Merchants. On April 9, 2024, Clark filed a response[2] and requested a settlement conference. Two settlement conferences were held but no agreement was reached to prevent foreclosure.

[4] On August 26, 2024, First Merchants filed a motion for summary judgment, designation of evidence with attached exhibits, and memorandum in support of its motion. On September 27, 2024, Clark filed a document that he denominated an "Affidavit in Response to the Complaint Filed by First Merchants." (Appellant's App. Vol. 2 at 21-24.) On October 25, 2024, the trial court held a hearing on the motion for summary judgment and, later that same day, entered summary judgment against Clark and granted a Decree of Foreclosure to First Merchants. On October 31, 2024, First Merchants moved the trial court to send the Judgment and Decree of Foreclosure to the Sheriff to

---

[2] We did not find a copy of Clark's pleading in either Appendix filed by the parties.

proceed with the sale of Clark's property. On November 14, 2024, Clark filed a Motion to Set Aside the summary judgment and foreclosure based on "fraud upon the court" and a Memorandum of Law in support thereof. (*Id.* at 27.) Clark then filed his notice of appeal on November 22, 2024.[3]

## Discussion and Decision

Clark appeals the trial court's grant of summary judgment. We note that Clark proceeds pro se. When a party proceeds on appeal without counsel, he is expected to follow the same procedural rules that licensed attorneys are expected to follow, *McCullough v. Citimortgage, Inc.*, 70 N.E.3d 820, 825 (Ind. 2017), and "is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

An appellant bears the burden of showing that the trial court erred when it granted summary judgment. *Kramer v. Cath. Charities of Diocese of Fort Wayne-South Bend, Inc.*, 32 N.E.3d 227, 231 (Ind. 2015). Summary judgment is appropriate only if the moving party was entitled to judgment as a matter of law and there were no genuine issues of material fact[4] remaining for trial. *See* Ind.

---

[3] Clark filed his notice of appeal prior the trial court having an opportunity to rule on his motion to set aside the judgment. The trial court clerk filed the Notice of Completion of Clerk's Record on November 26, 2024, which transferred jurisdiction to our Court. *See* Ind. Appellate Rule 8. Because the trial court no longer had jurisdiction, the trial court's order of December 3, 2024, which denied Clark's motion to set aside the judgment, is void. *See, e.g.*, *Conroad Assocs., L.P. v. Castleton Corner Owners Ass'n, Inc.*, 205 N.E.3d 1001, 1007 (Ind. 2023) (holding orders are "void" if they are entered by trial court after filing of clerk's record and impact the subject matter on appeal). Nevertheless, as we herein affirm the trial court's grant of summary judgment, Clark's motion to set aside is moot and need not be addressed by the trial court.

[4] "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth or if the undisputed material facts

Trial Rule 56(C) ("The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). We review the grant of summary judgment de novo, *Cave Quarries, Inc. v. Warex LLC*, 240 N.E.3d 681, 684 (Ind. 2024), and as we conduct our analysis, we "view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences for the nonmovant." *Id*. at 685.

[7] When First Merchants filed its motion for summary judgment, it designated the following evidence: the Pre-Suit Notice of default, the promissory note, the mortgage, the assignment of the mortgage to First Merchants, and multiple affidavits affirming the existence of the original promissory note, default on the loan, and costs. (*See* Appellee's App. Vol. 2 at 34-60.) These documents demonstrated a prima facie case that First Merchants was entitled to judgment. *See Hussain v. Salin Bank & Trust Co.*, 143 N.E.3d 322, 328 Ind. Ct. App. 2020) (evidence of note, mortgage, and default create prima facie case for mortgage foreclosure), *trans. denied*.

[8] When the party moving for summary judgment designates evidence demonstrating entitlement to judgment as a matter of law, the burden shifts to the non-moving party to "'come forward with contrary evidence'" creating a genuine issue of material fact to avoid summary judgment. *Hughley v. State*, 15

support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (internal citation omitted).

N.E.3d 1000, 1003 (Ind. 2014) (quoting *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009)). As Trial Rule 56(C) states: "A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." The opposing party has "thirty (30) days" to file a response and any opposing affidavits. T.R. 56(C). Clark failed to file an adequate response in a timely manner.

[9] First Merchants filed its motion for summary judgment on August 26, 2024. On September 27, 2024, Clark filed an "Affidavit in Response to the Complaint filed by First Merchants Bank." (Appellant's App. Vol. 2 at 21.) On October 17, 2024, Clark filed a "Notice of Claim, Exhibit, and Forensic Audit." (*Id.* at 6.) At the October 25, 2024, hearing on the motion for summary judgment, First Merchants argued the trial court could not consider Clark's September 27 or October 17 filings when determining summary judgment because those filings occurred "outside of the thirty (30) day period" provided by Indiana Trial Rule 56. (Tr. Vol. 2 at 6.) Clark was unable to articulate a cogent response to that argument, and the trial court determined "I cannot consider your filings on the 27th and the 17th." (*Id.* at 8.) The trial court then allowed the parties to argue the summary judgment motion. In its final order the trial court indicated it considered the "Motion [for summary judgment], Plaintiff's Supporting Memorandum, and the designated evidentiary materials[.]" (Appellant's App. Vol. 2 at 9.) We infer therefrom that the trial court did not consider Clark's filings.

In his brief on appeal, Clark provides three sentences to argue the trial court should have accepted and considered his September 27 "affidavit":

> Under Indiana Code § 34-28-1-2 and Indiana Trial Rule 56, trial courts may permit the filing of affidavits beyond statutory limits for good cause shown. The Appellant's affidavit, filed 1 day beyond the limit September 27, 2024 presented critical evidence of fraudulent misrepresentation and procedural errors. The trial court's refusal to accept this affidavit constitutes an abuse of discretion, particularly given the equitable principles governing foreclosure actions.

(Appellant's Br. at 17-18) (citation to the record omitted). First, we do not believe three sentences with citation to only Trial Rule 56[5] is sufficient to constitute the "cogent" argument required on appeal. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."). This is especially true because Clark provided no citation to case law that suggests the trial court abused its broad discretion by enforcing the timeline provided by Trial Rule 56. Second, the document that Clark denominated an affidavit did not, in fact, "present[]

---

[5] Clark also cited Indiana Code section 34-28-1-2, but that statute sets out the procedure whereby a nonresident of Indiana who was born in Indiana can petition the court "to establish a public record of the time and place of the birth of the applicant." Ind. Code § 34-28-1-2(b). That statute does not appear relevant to the timeliness of filings in opposition to summary judgment under Trial Rule 56(C).

critical evidence" (Appellant's Br. at 17), because it was not signed[6] and it therefore presented no evidence at all. *See In re Paternity of P.W.J.*, 846 N.E.2d 752, 757-58 (Ind. Ct. App. 2006) (holding typewritten and unsigned document did not constitute competent evidence under Indiana Trial Rule 11), *aff'd on reh'g* 850 N.E.2d 1024 (Ind. Ct. App. 2006).

[11] Clark did not designate any evidence to create a genuine issue of material fact after First Merchants had demonstrated it was entitled to foreclose on Clark's house given that he was in default on the promissory note. Therefore, we cannot say the trial court erred when it granted summary judgment to First Merchants and ordered foreclosure. *See Rood v. Mobile Lithotripter of Ind., Ltd.*, 844 N.E.2d 502, 508 (Ind. Ct. App. 2006) ("Because Rood did not specifically designate evidence in opposition to Union's motion for summary judgment, he has not satisfied the requirements of the [sic] Indiana Trial Rule 56 and not established that there are genuine issues of fact for trial.").

## Conclusion

[12] We affirm the trial court's grant of summary judgment to First Merchants and its order of foreclosure.

[13] Affirmed.

---

[6] When a document requires a signature and must be electronically filed, the signature "must" appear in one of two ways: (1) as "a graphic image of a handwritten signature," or (2) with "the indicator '/s/' followed by the person's name." Ind. Trial Rule 87(G)(1). Clark's document contained neither of those and thus was not signed.

Altice, J., and Foley, J., concur.

PRO SE APPELLANT

Damon D. Clark
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Bryan K. Redmond
Matthew S. Love
Feiwell & Hannoy, P.C.
Indianapolis, Indiana